267 P.3d 410 (2011)
164 Wash.App. 781
Lt. DeLONG, Sgt. Ahrens, Sgt. McHaffie, Sgt. Bick, Sgt. Foulkes, Sgt. Banner, Sgt. Blankenship, Sgt. Mathieu, c/o Padgett, c/o Reames, c/o Judd, c/o Sandness, c/o Cornish, Respondents,
v.
Inmate PARMELEE, Allan, DOC # 793782, Appellant,
v.
Karen Brunson; Harold Clarke, Respondents.
T. DeLong, D. Ahrens, J. McHaffie, R. Foulkes, G. Banner, K. Banner, R. Blankenship, R. Padgett, N. Cornish, M. Dedman, S. Diimmel, G. Sandness, K. McKenney, E. Richardson, C. Riddle, P. Riddle, G. Olekas, Jr., L. Lavoie, S. Weed, G. Newton, J. Ernst, V. Attwood, S. Milstead, S. Toohey, H. Romero, C. Roening, D. Heaward, B. Dacus, L. Scroggins, D. Tracy, D. Winters, C. Nesbitt, R. O'Neel, C. Hatt, B. Hatt, B. Pederson, J. Smith, J. Mason, B. McGarvie, K. McTarsney, V. Adams, E. Leverington, J. Reyes, L. Shepherd, C. Ritter, Sr., S. Vogtman, B. McLean, R. Christensen, M. Christensen, A. Moseley, C. Currington, T. Germeau, J. Palmer, J. Ivey, M. Erlenmeyer, M. Kerrone, J. Berry, J. Kuykendall, K. Russell, G. Epling, R. Leonard, J. Pearson, T. Perry, D. Weaver, K. Bowen, L. Wachendorf, C. Friesz, A. Sande, J. Wasankari, S. Henderson, G. Bellamy, J. Akin, F. Amsdill, R. Armacost, A. Boe, R. Case, J. Ides, D. Buchmann, M. Cummings, S. Cummings, V. Buttram, T. Eshom, J. Nagy, G. Nicholas, Jr., T. Jerome, W. Keys, S. Schwenker, H. Schwenker, B. Sprague, M. Swisher, R. Caulkins, S. Brown, D. DeLeon, Jr., D. Harkins, A. Miller, A. Davis, J. Wasnock, J. Kettel, J. Thayer, C. Bone, M. Sukert, R. Neiukoop, P. Blanton, A. Hess, R. Currington, D. Taber, D. Teachout, F. Teachout, L. Adamire, P. Headley, C. Towne, T. McNaughton, C. Lara, R. Bingham, G. Sukert, E. Reetz, C. Klock, D. Norman, R. Broussard, H. Mullen, R. Schimetz, N. Pence, H. Lee, R. Stevens, and H. Nguyen, Respondents,
v.
Department of Corrections of the State of Washington, Respondent,
v.
Allan Parmelee, Appellant.
The Washington State Department of Corrections, Respondent,
v.
Allan W. Parmelee, Appellant.
Nos. 35469-1-II, 35561-2-II, 36933-8-II.
Court of Appeals of Washington, Division 2.
November 9, 2011.
*411 Hank L. Balson, Public Interest Law Group, PLLC, Michael Charles Kahrs, Kahrs Law Firm PS, Seattle, WA, for Appellant.
Sara J. Di Vittorio, Daniel John Judge, Attorney General's Office, Olympia, WA, Sgt. Gerald Banner (Appearing Pro Se), c/o Sgt. Gerald Banner, Clallam Bay, WA, for Respondents.
Robert M. McKenna, Attorney General's Office, Maureen A. Hart, Attorney at Law, Olympia, WA, Amicus Curiae on behalf of Attorney General State of Washington.
William John Crittenden, Patrick Denis Brown, Attorney at Law, Seattle, WA, Amicus Curiae on behalf of Wa. Coalition for Open Government.
Peter Anthony Danelo, Nancy Lynn Talner, Attorneys at Law, Joshua Bacon Selig, Byrnes Keller Cromwell LLP, Melissa R. Lee, Columbia Legal Services, Institutions Pr., Seattle, WA, Amicus Curiae on behalf of American Civil liberties Union.
Michael Charles Kahrs, Kahrs Law Firm PS, Seattle, WA, for Other Parties.

PUBLISHED OPINION AFTER REMAND FROM THE WASHINGTON SUPREME COURT
QUINN-BRINTNALL, J.
¶ 1 Having reconsidered our prior opinion, filed July 29, 2010, as directed by a notation order of the Supreme Court that remanded the case for reconsideration in light of RCW 42.56.565 and Seattle Times Co. v. Serko, 170 Wash.2d 581, 243 P.3d 919 (2010), we dismiss this appeal as moot.

FACTS
¶ 2 This appeal concerns three consolidated cases in which Allan Parmelee, a prison inmate, challenges injunctions preventing him from obtaining Department of Corrections (DOC) records under the Public Records Act (PRA), ch. 42.56 RCW: DeLong v. Parmelee, No. 06-2-00637-5 (Clallam County Super. Ct., Wash. Sept. 19, 2006) (when referring to this case on appeal, we will call it Mathieu v. Parmelee to avoid confusion with cause no. 06-2-00878-5); DeLong v. Dep't of Corr., No. 06-2-00878-5 (Clallam County Super. Ct., Wash. Nov. 2, 2006); and Dep't of Corr. v. Parmelee, No. 06-2-01406-2 (Thurston County Super. Ct., Wash. Jan. 29, 2007).
¶ 3 In all three cases, Parmelee argues that the superior courts erred in finding DOC employee photographs excluded from the PRA under its privacy exemption. In addition, Parmelee argues in Mathieu v. Parmelee[1] *412 that he did not have a meaningful opportunity to participate in the injunction proceedings and that the trial court erred in finding DOC employment records categorically exempt from disclosure under the PRA. In DeLong v. Department of Corrections,[2] Parmelee argues that the injunction action should be dismissed because he was not joined as a necessary party or allowed to intervene, and he challenges the trial court's decision to take judicial notice of the facts in Mathieu v. Parmelee. In Department of Corrections v. Parmelee,[3] Parmelee contends that the trial court improperly considered his intended use of the employee photographs in determining whether they were subject to disclosure, and he also argues that the PRA injunction statute, RCW 42.56.540, permits trial courts to enjoin only the disclosure of documents that are otherwise statutorily exempt from disclosure.
¶ 4 Parmelee now concedes that recent developments in the law have undermined his ability to obtain relief from any of the rulings challenged above.

ANALYSIS

EFFECT OF RCW 42.56.565 and Resulting Injunction
¶ 5 In 2009, the legislature enacted RCW 42.56.565. RCW 42.56.565(2) allows courts to enjoin the "inspection or copying of any nonexempt public record by persons serving criminal sentences in state, local, or privately operated correctional facilities" if the court finds
(i) [t]he request was made to harass or intimidate the agency or its employees;
(ii) Fulfilling the request would likely threaten the security of correctional facilities;
(iii) Fulfilling the request would likely threaten the safety or security of staff, inmates, family members of staff, family members of other inmates, or any other person; or
(iv) Fulfilling the request may assist criminal activity.
RCW 42.56.565(2)(c). Courts may "enjoin all or any part of a request" for public records in the above quoted circumstances, and they also may enjoin future requests by the same requestor for a reasonable period of time. RCW 42.56.565(4); Burt v. Dep't of Corrections, 168 Wash.2d 828, 837 n. 9, 231 P.3d 191 (2010). An agency is not liable for PRA penalties while an injunction under this statute is in effect, including the time it is under appeal, regardless of the appeal's outcome. RCW 42.56.565(5).
¶ 6 The legislature added a provision to RCW 42.56.565 that took effect on July 22, 2011. Laws of 2011, ch. 300, § 1. This new provision bars an award of penalties under RCW 42.56.550(4) to a person serving a criminal sentence in a state, local, or privately operated correctional facility on the date of the public records request "unless the court finds that the agency acted in bad faith in denying the person the opportunity to inspect or copy a public record." RCW 42.56.565(1). In a second section of the bill, the legislature noted, "This act applies to all actions brought under RCW 42.56.550 in which final judgment has not been entered as of the effective date of this section." LAWS OF 2011, ch. 300, § 2. RCW 42.56.550(4) otherwise requires trial courts to impose penalties for PRA violations. Kitsap Cy. Prosecuting Attorney's Guild v. Kitsap County, 156 Wash.App. 110, 118, 231 P.3d 219 (2010).
¶ 7 On November 13, 2009, the Thurston County Superior Court granted DOC, the Attorney General's Office (AGO), and other state agencies a five-year injunction against Parmelee under RCW 42.56.565.[4] The court enjoined Parmelee "from inspecting, copying, or receiving records not yet provided to him *413 that are responsive to any and all PRA requests he has submitted to the [DOC, AGO], or any other agency of the State of Washington." Suppl. Br. of Appellant, Ex. A, at 11. Under the injunction, no state agency has an obligation under the PRA "to further search for, preserve, or in any other way process records responsive to Mr. Parmelee's PRA requests, including all requests submitted to the [DOC and AGO] as of the date of this Order." Suppl. Br. of Appellant, Ex. A, at 12. Although the injunction prevents Parmelee from inspecting, copying, or receiving records responsive to his pending requests, it states that it does not resolve the injunction's effect on claims for statutory penalties and/or costs pending in other superior or appellate court actions between the parties.
¶ 8 DOC contends that the 2009 injunction renders this case moot. A case is moot when it involves only abstract principles or questions, the substantive questions in the trial court no longer exist, or a court can no longer provide effective relief. Spokane Research & Def. Fund v. City of Spokane, 155 Wash.2d 89, 99, 117 P.3d 1117 (2005). Parmelee appears to concede that the substantive issues he raises are moot, as he states that "vacating the injunction in DOC v. Parmelee and remanding the case for further proceedings likely will not result in DOC being required to produce copies of the employee [identification] photos Mr. Parmelee requested." Suppl. Br. of Appellant at 7-8 n.1.[5] He argues, however, that a remand is required so that the trial court may determine the penalties and fees to which he is entitled under the PRA.
¶ 9 But if Parmelee is not entitled to the DOC records he requests, he is not entitled to penalties. The PRA requires a party to show that he has the right to obtain the requested records to recover penalties under RCW 42.56.550(4), and the 2009 injunction bars Parmelee from obtaining DOC records. Yakima County v. Yakima Herald-Republic, 170 Wash.2d 775, 809, 246 P.3d 768 (2011). Furthermore, the recent amendment to RCW 42.56.565(1) bars an inmate's recovery of PRA penalties unless the agency acted in bad faith. The 2009 injunction preventing the production of the same documents Parmelee seeks here shows that the DOC did not deny disclosure in bad faith, thereby foreclosing his recovery of penalties under the PRA.
¶ 10 Although we have previously stated that disclosure is a prerequisite for an award of attorney fees under RCW 42.56.550(4), we qualify that statement here. See City of Lakewood v. Koenig, 160 Wash.App. 883, 896, 250 P.3d 113 (2011). RCW 42.56.550(4) provides that
[a]ny person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record.
¶ 11 Under the first sentence of this provision, costs and attorney fees may be awarded for vindicating "`the right to inspect or copy'" or "`the right to receive a response.'" Yakima County, 170 Wash.2d at 809, 246 P.3d 768 (internal quotation marks omitted) (quoting Sanders v. State, 169 Wash.2d 827, 860, 240 P.3d 120 (2010)). By contrast, penalties are authorized only for improper denials of the "right to inspect or copy," as specified in the second sentence of RCW 42.56.550(4). Sanders, 169 Wash.2d at 860, 240 P.3d 120. In Yakima County, the newspaper was entitled to costs and fees because the county was equivocal about its possession of responsive records and, instead of identifying those records, forced the paper to file a court action. 170 Wash.2d at 809, 246 P.3d 768. In Sanders, the State's failure to provide a brief explanation of the claimed exemptions added to the fees and costs imposed. 169 Wash.2d at 848, 240 P.3d 120.
*414 ¶ 12 Parmelee complained in the Mathieu v. Parmelee case that DOC's response to his PRA request was untimely, incomplete, and evasive. This is the only one of the three consolidated cases in which he filed a PRA complaint. On appeal, Parmelee does not complain about the timing or content of DOC's response; his complaint concerns DOC's failure to disclose the records he requested because of the trial court's permanent injunction. Consequently, we need not remand for the determination of either costs or penalties, as neither award is justified here.
¶ 13 Because the Thurston County injunction entered under RCW 42.56.565 prevents us from granting Parmelee the relief he seeks as a matter of law, we dismiss this appeal as moot.[6]
We concur: ARMSTRONG, P.J., and BRIDGEWATER, J.P.T.
NOTES
[1] Mathieu v. Parmelee (cause no. 35469-1-II).
[2] DeLong v. Dep't of Corr. (cause no. 35561-2-II) (DeLong v. DOC).
[3] Dep't of Corr. v. Parmelee (cause no. 36933-8-II) (DOC v. Parmelee).
[4] Parmelee attaches a copy of the Thurston County order to his brief but has not made it part of the record in this case. We take judicial notice of the order under RAP 7.3 (granting appellate courts authority to perform all acts necessary or appropriate to secure the fair and orderly review of a case). We have no record of an appeal from this order.
[5] The Washington Coalition for Open Government agrees in its amicus brief that the Thurston County injunction will prevent Parmelee from obtaining the records he seeks in this case.
[6] This resolution renders unnecessary any discussion of Seattle Times.