# COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| ANTHONY J. PREDISIK and CHRISTOPHER KATKE, | ) ) ) | No. 31176-7-III |
| Appellants, | ) ) | |
| | ) | ORDER GRANTING |
| v. | ) | MOTIONS TO PUBLISH |
| | ) | |
| SPOKANE SCHOOL DISTRICT NO. 81, | ) | |
| | ) | |
| Respondent. | ) | |

The court has considered the appellants' motion to publish, the respondent's motion to publish, and the City of Fife's third party motion to publish the court's opinion filed on January 23, 2014, and is of the opinion the motions should be granted. Therefore,

IT IS ORDERED that the motions to publish are granted. The opinion filed by the court on January 23, 2014, shall be modified on page 1 to designate it is a published opinion and on page 10 by deletion of the following language:

No. 31176-7-III
*Predisik v. Spokane Sch. Dist. No. 81*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

DATED:

PANEL:     Judges Kulik, Brown, and Fearing

FOR THE COURT:

LAUREL H. SIDDOWAY
ACTING CHIEF JUDGE

2

FILED

JAN. 23, 2014

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ANTHONY J. PREDISIK and CHRISTOPHER KATKE, | ) ) ) | No. 31176-7-III |
| Appellants, | ) ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| SPOKANE SCHOOL DISTRICT NO. 81, | ) ) | |
| Respondent. | ) ) | |

KULIK, J. — Anthony Predisik and Christopher Katke are teachers in the Spokane

School District who were placed on administrative leave pending investigations into

alleged misconduct. The District received PRA[1] requests for information regarding the

allegations against the teachers. Consequently, the District notified the teachers of the

specific documents that it would be disclosing. Mr. Predisik and Mr. Katke filed a

lawsuit to enjoin disclosure, claiming that the records are exempt from disclosure under

RCW 42.56.230(3), as personal information maintained in an employee's file, and under

RCW 42.56.240(1), as investigative records compiled by an investigative agency. The

---

[1] Public Records Act, chapter 42.56 RCW.

trial court determined that the records were not subject to an exemption to the PRA. The court ordered disclosure with the teachers' names redacted from the records. Mr. Predisik and Mr. Katke appeal. We affirm the trial court.

FACTS

*Mr. Predisik.* Mr. Predisik worked as a counselor at Shadle Park High School in the Spokane School District. In November 2011, the District placed Mr. Predisik on administrative leave pending an investigation into allegations of misconduct. Mr. Predisik denies the allegations.

In March 2012, a reporter for The Spokesman-Review requested a copy of Mr. Predisik's administrative leave letter from the District. The District informed Mr. Predisik that it intended to disclose the letter in response to the PRA request. Mr. Predisik filed a lawsuit seeking to enjoin disclosure of the requested document.

In May 2012, the District informed Mr. Predisik that it received another records request, this time from a reporter at KREM 2 News. Generally stated, the reporter requested information on all district employees on administrative leave, the names of the employees, and the reason for the administrative leave if the leave was related to misconduct. The District told Mr. Predisik that documents that mention his name were

2

within the purview of the KREM 2 reporter's request. Mr. Predisik also sought to enjoin the disclosure of these requested documents.

*Mr. Katke.* Mr. Katke worked as a teacher at Glover Middle School in the Spokane School District. On January 11, the District placed Mr. Katke on administrative leave pending an investigation into allegations of misconduct. Mr. Katke denies the allegations.

In May 2012, the District informed Mr. Katke of the records request from the KREM 2 reporter. The District informed Mr. Katke that the KREM 2 request included documents that mentioned Mr. Katke.

Also in May 2012, a reporter from The Spokesman-Review requested from the District any documents related to the investigation into the allegations against Mr. Katke, his resignation, and/or any determination on the investigation. The District informed Mr. Katke of this request. In response, Mr. Katke filed a lawsuit seeking to enjoin disclosure of the requested documents.

*Procedural Facts.* The District identified three documents for disclosure. One document is an administrative leave letter concerning Mr. Predisik. The other two documents are payroll spreadsheets created in response to KREM 2's request.

3

The trial court consolidated Mr. Predisik's and Mr. Katke's cases. A hearing was held and the trial court reviewed the requested records in camera. The trial court determined the teachers had a right to privacy in their respected identities in connection with the allegations against them. The court also determined that the public had a legitimate concern in the procedural steps being taken by the District in investigations into the allegations. Accordingly, the trial court ordered the District to disclose the requested records with Mr. Predisik's and Mr. Katke's names redacted to preserve their right to privacy. The teachers appeal.

## ANALYSIS

This court reviews decisions under the PRA de novo. RCW 42.56.550(3).

The PRA "is a strongly worded mandate for broad disclosure of public records." *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978). The purpose of the PRA is to provide full access to nonexempt public records. *Am. Civil Liberties Union v. Blaine Sch. Dist. No. 503*, 86 Wn. App. 688, 695, 937 P.2d 1176 (1997).

A party seeking to enjoin production of documents under the PRA bears the burden of proving that an exemption to the statute prohibits production in whole or part. *Spokane Police Guild v. Liquor Control Bd.*, 112 Wn.2d 30, 35, 769 P.2d 283 (1989). The PRA exemptions "protect certain information or records from disclosure" and "are

4

provided solely to protect relevant privacy rights . . . that sometimes outweigh the PRA's broad policy in favor of disclosing public records." *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 432, 300 P.3d 376 (2013). However, exemptions under the PRA are to be narrowly construed to assure that the public interest will be protected. RCW 42.56.030.

RCW 42.56.230(3) exempts disclosure of "[p]ersonal information in files maintained for employees . . . of any public agency to the extent that disclosure would violate their right to privacy."

RCW 42.56.240(1) exempts from public inspection and copying specific investigative records compiled by investigative agencies, the nondisclosure of which is essential to the protection of any person's right to privacy.

Here, the specific documents under review are an administrative leave letter concerning Mr. Predisik, and two payroll spreadsheets, one concerning Mr. Predisik and another concerning Mr. Katke. Mr. Predisik and Mr. Katke contend that the records are exempt from disclosure pursuant to the employee personal information exemption, RCW 42.56.230(3), and the investigative records exemption in RCW 42.56.240(1), in the PRA. Both of these exemptions require Mr. Predisik

5

and Mr. Katke to establish a right to privacy in their identities and the records, and that disclosure of their identities and the records would violate their right to privacy.

Generally, the right to privacy applies "only to the intimate details of one's personal and private life." *Spokane Police Guild*, 112 Wn.2d at 38. Under the PRA, a person's right to privacy "is invaded or violated only if disclosure of information about the person: (1) Would be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public." RCW 42.56.050. It is not enough that the disclosure of personal information may cause embarrassment to the public official or others. RCW 42.56.550(3). Even if the disclosure of the information would be offensive to the employee, it shall be disclosed if there is a legitimate or reasonable public interest in the disclosure. *Tiberino v. Spokane County*, 103 Wn. App. 680, 689, 13 P.3d 1104 (2000).

"[W]hen a complaint regarding misconduct during the course of public employment is substantiated or results in some sort of discipline, an employee does not have a right to privacy in the complaint." *Bellevue John Does 1-11 v. Bellevue Sch. Dist. No. 405*, 164 Wn.2d 199, 215, 189 P.3d 139 (2008). However, "[w]hen an allegation is unsubstantiated, the teacher's identity is not a matter of legitimate public concern." *Id.* at 221. Teachers have a right to privacy in their identities when the complaint involves unsubstantiated or false allegations because these allegations concern matters involving

6

the private lives of teachers and are not specific instances of misconduct during the course of employment. *Id.* at 215.

When a document does not detail the unsubstantiated misconduct and a teacher is not disciplined or subject to any restriction, the name of the teacher should be redacted before disclosure. *Id.* at 226-27. "This result protects the public interest in overseeing school districts' responses to allegations . . . and the teacher's individual privacy rights." *Id.* at 227. Redaction of the name transforms a record from one that would be highly offensive if disclosed to one that is not highly offensive if disclosed. *Id.* at 224.

Mr. Predisik and Mr. Katke have a right to privacy in their identities, and their right to privacy will be violated if the records are disclosed without redacting their names. The teachers have a right to privacy in their identities because the misconduct alleged in the record has not yet been substantiated. The disclosure of their identities in connection to the unsubstantiated allegations could be highly offensive and is not of public concern. *See id.* at 220-21. While *Bellevue John Does* addresses unsubstantiated allegations of sexual misconduct, disclosure of unsubstantiated allegations of other types of misconduct can be offensive because it also subjects the teacher to gossip and ridicule without a finding of wrongdoing. *See id.*

7

However, Mr. Predisik's and Mr. Katke's right to privacy can be protected by redacting their names from the records. Absent information regarding Mr. Predisik's and Mr. Katke's identities, disclosure of the requested records does not violate the teachers' right to privacy. The administrative leave letter and the spreadsheets are not highly offensive when identifying information is redacted. *See id.* at 224. Also, the public has a legitimate interest in the administrative leave letter and spreadsheets, even when the allegations of misconduct have not been substantiated and the teachers' names are redacted. The public has a legitimate interest in seeing that a government agency conducts itself fairly and uses public funds responsibly. *Tiberino*, 103 Wn. App. at 690 (quoting *Yakima Newspapers, Inc. v. City of Yakima*, 77 Wn. App. 319, 328, 890 P.2d 554 (1995)). "The public can continue to access documents concerning the nature of the allegations and reports related to the investigation and its outcome, all of which will allow concerned citizens to oversee the effectiveness of the school district's responses. The identities of the accused teachers will simply be redacted to protect their privacy interests." *Bellevue John Does*, 164 Wn.2d at 221. Mr. Predisik and Mr. Katke do not have a privacy interest in the redacted records because the remaining information in the records is not highly offensive and the public has a legitimate concern in the District's operations.

Mr. Predisik and Mr. Katke contend that disclosure of the redacted records still violates their right to privacy because the public could figure out their identities in the redacted records. The records requests served on the District specifically identified the teachers as the subject of the request. The teachers' contention fails. Production of a redacted record is permitted even though redaction is insufficient to protect the person's identity. *See Koenig v. City of Des Moines*, 158 Wn.2d 173, 182-83, 142 P.3d 162 (2006). Nonexempt information in a record must be produced, even if disclosure of this information would result in the court's inability to protect the identity of an individual. *See Bainbridge Island Police Guild v. City of Puyallup*, 172 Wn.2d 398, 417-18, 259 P.3d 190 (2011). In *Bainbridge*, the court recognized that the circumstances of a public record request may result in others figuring out the identity of the individual whose name has been redacted to protect his privacy interest. *Id.* at 418. Still, the court held that even though the individual's identity must be redacted, the requested records must be disclosed because they were not statutorily exempt under the PRA. *Id.* Here, the redacted records are not exempt even though it is possible for a third party to conclude that Mr. Predisik or Mr. Katke is the subject of the records.

As previously stated, both the employee personal information exemption in RCW 42.56.230(3) and the investigative records exemption in RCW 42.56.240(1) hinge

9

No. 31176-7-III
*Predisik v. Spokane Sch. Dist. No. 81*

on whether Mr. Predisik's and Mr. Katke's right to privacy would be violated by disclosure. We conclude that Mr. Predisik and Mr. Katke do not have a privacy interest in the redacted records. Therefore, an examination into the other requirements of these exemptions is not needed. The redacted records are not exempt from disclosure under RCW 42.56.230(3) or RCW 42.56.240(1).

We affirm the trial court.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____          _____
Brown, J.                          Fearing, J.

10