FILED
COURT OF APPEALS
DIVISION II

2014 AUG 26 AM 11:35

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ARTHUR WEST, | No. 44964-1-II |
| Appellant, | |
| v. | |
| PORT OF OLYMPIA, | PUBLISHED OPINION |
| Respondent. | |

MAXA, J. — Arthur West appeals the trial court's dismissal of his Public Records Act (PRA) claim against the Port of Olympia. West's claim is based on the Port's redactions of a Port employee's name, job title, job duties, and other identifying details from an investigative report relating to unsubstantiated allegations of governmental misconduct made against that employee. The Port made the redactions under the exemption in former RCW 42.56.230(2) for personal information that would violate an employee's right to privacy.

We assume without deciding that the employee's identity constituted personal information and that the employee had a privacy right in his or her identity in connection with the allegations. However, we hold that the Port's redactions violated the PRA because disclosure of the identifying information would not be highly offensive to a reasonable person and therefore would not violate the employee's right to privacy. Accordingly, we reverse the trial court's dismissal of West's PRA claim. In addition, we award attorney fees to West on appeal and

remand to the trial court to award West his attorney fees and costs below and to determine whether a statutory penalty is proper.

## FACTS

In 2012, West submitted a PRA request to the Port seeking, among other items, records relating to the Port's investigation of a whistleblower complaint made by a former Port employee. The complaint alleged that a Port employee "undertook improper governmental action." Clerk's Papers (CP) at 17. The Port's initial inquiry into the complaint resulted in other employees raising additional allegations about that employee. The Port's attorney conducted an investigation and prepared a report. Specifically, the investigation report addressed whether the employee accused in the complaint had derived personal gain from Port activities. The investigation report also addressed whether the employee exceeded his or her scope of authority and failed to follow established accounting procedures, disposed of environmentally sensitive materials improperly, and violated Port policies regarding work on holidays. The Port's attorney apparently concluded that the complaints were unsubstantiated.

The Port responded to West's PRA request by producing the requested records, including the investigative report. But the Port redacted all information that would identify the accused employee – the employee's name, gender pronouns related to the employee, the employee's job title, details regarding the employee's job duties, and details regarding the alleged improper governmental action. The Port claimed that information regarding the Port employee's identity was exempt from disclosure under former RCW 42.56.230(2) because such disclosure would constitute an invasion of privacy under RCW 42.56.050.

2

West filed a complaint in superior court under the PRA, claiming that the Port had made unlawfully excessive redactions to the investigative report. The trial court dismissed West's PRA claim, ruling that the Port's redactions were proper based on the privacy exemption in former RCW 42.56.230(2) and under case law holding that unsubstantiated allegations against a public employee are exempt from disclosure. West appeals.

ANALYSIS

A.    INTERPRETATION OF PRA

The PRA requires every government agency to disclose any public record upon request. RCW 42.56.070(1); *Sanders v. State*, 169 Wn.2d 827, 836, 240 P.3d 120 (2010). However, an agency may lawfully withhold production of records if one of the PRA's enumerated exemptions applies. RCW 42.56.070(1); *Sanders*, 169 Wn.2d at 836. The agency bears the burden of establishing that an exemption to production applies under the PRA. RCW 42.56.550(1).

The PRA is a " 'strongly worded mandate for broad disclosure of public records.' " *Yakima County v. Yakima Herald-Republic*, 170 Wn.2d 775, 791, 246 P.3d 768 (2011) (quoting *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978)). Therefore, we must liberally construe the PRA in favor of disclosure and narrowly construe its exemptions to assure that the public interest in full disclosure of public information will be protected. RCW 42.56.030. When evaluating a PRA claim, we also must "take into account the policy . . . that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." RCW 42.56.550(3).

We review agency action taken or challenged under the PRA de novo. RCW 42.56.550(3); *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 428, 300 P.3d

3

376, *amended on denial of recons.*, 327 P.3d 600 (2013). In reviewing a PRA request, we stand in the same position as the trial court. *Lindeman v. Kelso Sch. Dist. No. 458*, 162 Wn.2d 196, 200, 172 P.3d 329 (2007). Therefore, where (as here) the record consists of only affidavits, memoranda of law, and other documentary evidence, we are not bound by the superior court's factual findings. *DeLong v. Parmelee*, 157 Wn. App. 119, 143, 236 P.3d 936 (2010), *modified on remand*, 164 Wn. App. 781 (2011), *review denied*, 173 Wn.2d 1027 (2012).

B.    ACCUSED EMPLOYEE'S RIGHT TO PRIVACY

Under former RCW 42.56.230(2) (2011),[1] "[p]ersonal information in files maintained for employees, appointees, or elected officials of any public agency" are exempt from public inspection and copying "to the extent that disclosure would violate their right to privacy." To determine whether the personal information exemption applies we address whether (1) the employee's identity constitutes personal information, (2) the employee has a right to privacy in his or her identity in connection with the unsubstantiated allegations, and (3) disclosure of the employee's identity in connection with the unsubstantiated allegations would violate that right. *See Bainbridge Island Police Guild v. City of Puyallup*, 172 Wn.2d 398, 411, 259 P.3d 190 (2011). RCW 42.56.050 provides that a person's right to privacy is violated only when disclosure of information "(1) [w]ould be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public."

---

[1] The legislature amended RCW 42.56.230 in 2013. LAWS OF 2013, ch. 220, § 1. The language in Section 2 remains the same but was recodified as Section 3. *See* RCW 42.56.230(3). RCW 42.56.230 was amended again in 2014, but this most recent amendment does not affect the subsection cited. LAWS OF 2014, ch. 142 § 1.

Here, we assume without deciding that the employee's identity constituted personal information and that the employee had a privacy right in his or her identity in connection with the unsubstantiated allegations of misconduct. *See Bellevue John Does 1-11 v. Bellevue Sch. Dist. No. 405*, 164 Wn.2d 199, 211-16, 189 P.3d 139 (2008). However, we hold that disclosure of the identifying information would not violate the employee's right to privacy because disclosure of the unsubstantiated allegations of misconduct would not be highly offensive to a reasonable person.

1. Meaning of "Highly Offensive"

The PRA does not provide a definition of "highly offensive" in RCW 42.56.050. But RCW 42.56.550(3) emphasizes that the PRA's policy is that "free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." Reading these statutes together suggests that the legislature intended the term "highly offensive" to mean something more than embarrassing.

Our Supreme Court also has not discussed the meaning of "highly offensive" in any detail. In *Bellevue John Does*, the court stated that it was "undisputed that disclosure of the identity of a teacher accused of sexual misconduct is highly offensive to a reasonable person." 164 Wn.2d at 216. And in *Bainbridge Island Police Guild*, the court stated that for the purposes of determining whether disclosure would be highly offensive, there is no reason to distinguish between a police officer accused of sexual misconduct and a teacher accused of sexual misconduct. 172 Wn.2d at 415. The only clarification the court provided in these two cases is that whether disclosure of allegations of unsubstantiated sexual misconduct would be highly offensive did not turn on whether the allegations were substantiated or unsubstantiated. *Bellevue*

5

*John Does*, 164 Wn.2d at 216 n.18. Instead, the court stated that "[t]he offensiveness of disclosure is implicit in the nature of an allegation of sexual misconduct." 164 Wn.2d at 216 n.18; *see also Bainbridge Island Police Guild*, 172 Wn.2d at 415.

In an earlier case, *Dawson v. Daly*, 120 Wn.2d 782, 845 P.2d 995 (1993), *overruled on other grounds by Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 884 P.2d 592 (1994), our Supreme Court held that disclosure of an employee's performance evaluations that do not discuss specific instances of misconduct is presumed to be highly offensive. The court noted the well known "sensitivity of any human being to disclosure of information that may be taken to bear on his or her basic competence." 120 Wn.2d at 797.

And in *Predisik v. Spokane Sch. Dist. No. 81*, 179 Wn. App. 513, 319 P.3d 801, *review granted*, ___ Wn.2d ___, 328 P.3d 903 (2014), Division Three of this court held that disclosure of teachers' identities in connection with unsubstantiated allegations of unspecified misconduct could be highly offensive. 179 Wn. App. at 519-20. The court stated that although the allegations in *Bellevue John Does* involved unsubstantiated allegations of sexual misconduct, "disclosure of unsubstantiated allegations of other types of misconduct can be offensive because it also subjects the teacher to gossip and ridicule without a finding of wrongdoing." *Predisik*, 179 Wn. App. at 520. However, the court did not discuss the parameters of the term "highly offensive."

On the other hand, in *Morgan v. City of Federal Way*, 166 Wn.2d 747, 756, 213 P.3d 596 (2009), our Supreme Court held that allegations of obnoxious behavior in the workplace would not be highly offensive to a reasonable person. *Morgan* involved an investigation report stemming from a hostile work environment complaint against a municipal court judge. 166

Wn.2d at 752. The court stated without analysis that "the allegations – including angry outbursts, inappropriate gender-based and sexual comments, and demeaning colleagues and employees – are nowhere near as offensive as allegations of sexual misconduct with a minor and do not rise to the level of 'highly offensive.' " *Morgan*, 166 Wn.2d at 756.[2]

Our Supreme Court has not attempted to define "highly offensive" as used in RCW 42.56.050. As a result, whether disclosure of particular information would be highly offensive to a reasonable person must be determined on a case by case basis.

2.    "Highly Offensive" Analysis

We must determine whether disclosure of the unsubstantiated allegations against the Port employee would be highly offensive to a reasonable person. Initially, we have little difficulty holding that disclosure of the Port employee's identity in connection with the allegations of failure to follow proper accounting procedures, improper disposal of environmentally sensitive materials, and violation of Port policies regarding work on holidays would not be highly offensive to a reasonable person. These allegations merely involve claims that the employee failed to follow proper Port procedures or policies, which might be embarrassing but hardly are *highly* offensive.

The allegation that the employee improperly profited from Port activities is more problematic. The complaint accused the employee of conduct that may have amounted to theft or some other criminal offense. An allegation of criminal conduct probably would be offensive

---

[2] The court also noted that unlike in *Bellevue John Does*, the allegations in the report were "likely true." *Morgan*, 166 Wn.2d at 756.

7

to a reasonable person. Nevertheless, under RCW 42.56.050 the question is whether disclosure would be *highly* offensive. We hold that this allegation is not highly offensive for four reasons.

First, the cases we discuss above do not support a holding that disclosure would be highly offensive. The allegation here is much less offensive than the teachers' alleged sexual abuse of students in *Bellevue John Does* or the police officer's alleged sexual assault during a traffic stop in *Bainbridge Island Police Guild.* And allegations of improperly profiting from a public business, while potentially embarrassing, generally do not involve the type of sensitive, very personal information contained in employee evaluations. *See Daly*, 120 Wn.2d at 797. Disclosing the employee's identity here appears more similar to the disclosure in *Morgan*, where the Supreme Court found that identifying a judge accused of obnoxious and inappropriate personal behavior was not highly offensive. *Morgan*, 166 Wn.2d at 756.

Second, although the allegations here technically may amount to accusations of criminal conduct, they do not seem to involve particularly reprehensible conduct. The unredacted portions of the investigative report indicate that the unsubstantiated allegations were that the employee "kept the proceeds" of some activity, and "personally profited from the sale" of some items. CP at 19, 23. As noted above, disclosure of this type of information probably would be offensive to a reasonable person. However, we believe that absent unusual circumstances, unsubstantiated allegations regarding the misuse of what appears to be fairly small amounts of government funds does not rise to the level of *highly* offensive.

Third, we have reviewed the entire unredacted investigative report. Considering the report as a whole, and particularly in the context of the employee's denial of any wrongdoing

and explanation of certain events, we do not believe that disclosure of the employee's identity in relation to the allegations of misconduct would be *highly* offensive to a reasonable person.

Finally, the legislature has made it clear that we must liberally construe the PRA in favor of disclosure and narrowly construe its exemptions to assure that the public interest in full disclosure of public information will be protected. RCW 42.56.030. This policy means that when there is any uncertainty whether disclosure of information is highly offensive, we must resolve that uncertainty against the public agency and in favor of disclosure. Here, whether disclosure would be highly offensive is a close call. In these situations, the strong public policy favoring disclosure compels us to define highly offensive narrowly and rule in favor of disclosure.

We hold that even though the Port employee may have a privacy interest in his or her identity with respect to the misconduct allegations, disclosure of that identity under the circumstances here would not violate that privacy interest because disclosure would not be highly offensive to a reasonable person.[3] Accordingly, we reverse the trial court's dismissal of West's PRA claim.

C. ATTORNEY FEES AND PENALTY

West requests attorney fees and costs on appeal under RCW 42.56.550(4) and RAP 18.1. He also requests a remand to the trial court for an award of attorney fees and costs below and penalties under RCW 42.56.550(4). We agree with these requests.

---

[3] Because we hold that disclosure of the employee's name and identifying information would not be highly offensive, we need not address whether the information is of legitimate public concern.

RCW 42.56.550(4) provides:

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record.

A PRA claimant "prevails" against an agency if the agency wrongfully withheld the requested documents. *Robbins, Geller, Rudman & Dowd, LLP v. Office of the Attorney General*, 179 Wn. App. 711, 737, 328 P.3d 905 (2014). This statute allows for the recovery of attorney fees on appeal as well as in the trial court. *See Sargent v. Seattle Police Dep't*, 179 Wn.2d 376, 402, 314 P.3d 1093 (2013) (awarding attorney fees to PRA plaintiff "to the extent that he prevailed on appeal"). We have held that the Port wrongfully redacted the employee's identifying information. As a result, West is the prevailing party and entitled to recover his reasonable attorney fees and costs on appeal and in the trial court on remand.[4]

However, although an award of attorney fees to a prevailing party in a PRA action is mandatory, whether to award a penalty under RCW 42.56.550(4) is within the trial court's discretion. *Resident Action Council*, 177 Wn.2d at 432. Accordingly, we remand to the trial court to determine whether a statutory penalty is appropriate. *See West v. Wash. State Dep't of Natural Res.*, 163 Wn. App. 235, 244, 258 P.3d 78 (2011), *review denied*, 173 Wn.2d 1020 (2012) (whether PRA violation entitles requestor to penalty award was matter for trial court to consider on remand).

---

[4] The Port requests attorney fees on appeal under RCW 4.84.185, which allows a party who prevails in opposing a frivolous action to recover attorney fees. But because the Port does not prevail, and because West's appeal was not frivolous, we decline the Port's request for fees.

44964-1-II

We reverse the trial court's dismissal of West's PRA complaint and order that the Port produce the investigation report without redactions of the employee's identifying information. We remand to the trial court to award West his attorney fees and costs below and to determine in the exercise of its discretion whether a statutory penalty is appropriate.

_____
MAXA, J.

We concur:

_____
JOHANSON, C.J.

_____
MELNICK, J.

11