**FILED**
**FEBRUARY 13, 2020**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION THREE

| | | |
|---|---|---|
| JANE DOE #1, a married woman,<br>JANE DOES #2-10, | ) <br> ) <br> ) | No. 36030-0-III |
| Respondents, | ) <br> ) | ORDER (1) GRANTING MOTION<br>FOR RECONSIDERATION AND |
| v. | ) <br> ) | (2) WITHDRAWING OPINION<br>FILED JUNE 18, 2019 |
| WASHINGTON STATE COMMUNITY<br>COLLEGE DISTRICT 17,<br>COMMUNITY COLLEGES OF<br>SPOKANE; an agency of the STATE OF<br>WASHINGTON, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Respondents, | ) <br> ) | |
| COWLES COMPANY, a Washington<br>Corporation, | ) <br> ) <br> ) | |
| Appellant, | ) <br> ) | |
| SPOKANE TELEVISION, INC., a<br>Washington Corporation; and INLAND<br>PUBLICATIONS, INC., a Washington<br>Corporation, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

THE COURT has considered the motion of respondents Jane Does #1-10 for

reconsideration of our June 18, 2019, opinion; the answer of respondent Washington

State Community College District 17; the answer of appellant Cowles Publishing

Company; and the record and file herein.

No. 36030-0-III
*Jane Doe #1 v. Wash. State Comm. College Dist. 17*


IT IS ORDERED that the motion for reconsideration is granted.

IT IS FURTHER ORDERED that this court's June 18, 2019, opinion is withdrawn

and a new opinion will be filed in due course.

PANEL: Judges Fearing, Lawrence-Berrey and Pennell

FOR THE COURT:


ROBERT LAWRENCE-BERREY
Chief Judge

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JANE DOE #1, a married woman,<br>JANE DOES #2-10, | )<br>)<br>) | No. 36030-0-III |
| Respondents, | )<br>) | |
| v. | )<br>) | |
| WASHINGTON STATE COMMUNITY<br>COLLEGE DISTRICT 17,<br>COMMUNITY COLLEGES OF<br>SPOKANE; an agency of the STATE OF<br>WASHINGTON, | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | UNPUBLISHED OPINION |
| Respondents, | )<br>) | |
| COWLES COMPANY, a Washington<br>Corporation, | )<br>)<br>) | |
| Appellant, | )<br>) | |
| SPOKANE TELEVISION, INC., a<br>Washington Corporation; and INLAND<br>PUBLICATIONS, INC., a Washington<br>Corporation, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

FEARING, J. — Pursuant to the Public Records Act, chapter 42.56 RCW, we

previously ordered the release of names and other identifying information of victims and

witnesses found in investigative records held by Spokane Falls Community College,

following the resignation of the college's acting president amid allegations of sexual misconduct. On reconsideration, we now reverse ourselves based on the 2019 enactment of House Bill 2020, an amendment to RCW 42.56.250. The legislative amendment exempts the names of harassment complainants, other accusers, and witnesses from public disclosure. Because the names of the Jane Doe respondents have yet to be released, we hold that the amendment applies prospectively to the public records request pending before the court. We remand to the superior court to determine if the amendment shields information that the Jane Does seek to protect.

FACTS

Appellant Cowles Publishing Company publishes the *Spokesman-Review*. Respondent Washington State Community College District 17, a community college district organized under RCW 28B.50.040, operates two colleges: Spokane Community College and Spokane Falls Community College. WAC 132Q-276-040. Respondents Jane Does #1 through 10 are the targets of the subject Public Records Act request sent by the *Spokesman-Review* to Spokane Falls Community College. The *Spokesman-Review* submitted its request as a result of alleged sexual misconduct of Spokane Falls Community College Acting President Darren Pitcher, who served in this position in 2017 and 2018.

Jane Doe #1 filed an anonymous complaint about Darren Pitcher with Spokane Falls Community College's human resources office in 2016, so we assume Pitcher served

2

in another position with the community college at an earlier date. When the office withheld action in response, Jane Doe #1 broadened her audience and filed an anonymous complaint with community college officials, her faculty union, and the Washington State Board for Community and Technical Colleges. The American Association of Higher Education president then explained to Doe #1 that the community college district maintained a policy not to investigate anonymous complaints, and that she would need to file a formal complaint if she wanted the allegations investigated. We do not know why the American Association of Higher Education gave advice about the community college's policies.

On January 16, 2018, Jane Doe #1 filed a second complaint of sexual harassment and retaliation against Darren Pitcher with Spokane Falls Community College's human resources office. Doe #1 identified herself in this second complaint. The complaint detailed Pitcher's purported inappropriate behavior and the effect of the behavior on Doe #1. The human resources office interviewed Jane Doe #1. Doe #1 recounted Pitcher exposing his genitals to her, grooming her for a quid pro quo sexual encounter, and engaging in sexual intercourse with her. Doe #1 further informed the human resources office that Pitcher engaged in or attempted to engage in sexual relationships with other subordinates who either gained promotion, or were fired or demoted, depending on their response to the sexual advances.

Spokane Falls Community College investigated Jane Doe #1's allegations, and the investigation included interviews of Jane Does #2 through 9. Jane Doe #9 reported that Darren Pitcher sent instant messaging to her of a sexual nature. The messages described and commented on Doe #9's genitalia and breasts. Jane Does #2 through 8 and 10 did not assert that Pitcher subjected them to harassment or misconduct, but the eight women disclosed knowledge of misbehavior toward others.

On February 26, 2018, Darren Pitcher resigned as acting president of Spokane Falls Community College. The *Spokesman-Review* then made the following Public Records Act request to the community college:

> Please provide all records and correspondence related to claims of misconduct, including claims of sexual harassment, involving Darren Pitcher, from before and during his time as acting president of Spokane Falls Community College.
> Please also provide all records and correspondence related to Community Colleges of Spokane's investigation into such allegations. Correspondence should include emails to and from Chancellor Christine Johnson regarding this matter.
> Please also provide copies of all text messages that Pitcher exchanged with Kari Collen. These text messages are subject to public disclosure if Pitcher used a CCS-owned cell phone or received a stipend for work-related cell phone use.
> Lastly, please provide a copy of Pitcher's resignation letter.

Clerk's Papers at 73.

The *Spokesman-Review*'s request covered documents that contained the names and other identifiers of Jane Does #1 through 9. The Spokane Falls Community College human resources office contacted the Does and warned that the records would be

disclosed on March 20, 2018. Jane Does #1 through 9 respectively replied that, had each known her name would be disclosed, she would not have spoken to investigators.

PROCEDURE

On March 16, 2018, before Spokane Falls Community College released any documents, Jane Does #1 through 9 filed a complaint, motion for temporary restraining order, and motion for permanent injunction. The Does did not challenge the underlying disclosure of the documents, but rather sought to enjoin the release of their names and identifiers contained within the documents. In other words, the Jane Does asked that the court direct the community college to excise their names and other identifying data from the records.

On March 20, 2018, the superior court granted a temporary restraining order preventing Spokane Falls Community College from disclosing the names and identifiers of the Jane Does. The court ordered that the documents be delivered to it for an in camera review. On March 21, 2018, the Does filed an amended complaint for injunction that added Jane Doe #10 as a plaintiff.

Spokane Falls Community College released three batches of documents: (1) working documents, (2) investigation reports and exhibits, and (3) e-mail. The "working documents" include over six hundred pages of interview notes, complaints, investigation guidelines, interview timelines, and instant messaging.

5

The investigation file and exhibits contain more than three hundred pages of documents and include an investigation report, e-mails, written statements, instant messenger transcripts, administrative procedures, college policies, and other information. None of the records in this category of documents suggest they arose from any personnel file. The produced records included four hundred pages of e-mail correspondence between and among employees of the community college. The community college maintains the e-mail in programs and servers, not in any employment file.

On March 30, 2018, the superior court granted a permanent injunction that enjoined Spokane Falls Community College from disclosing the names and identifiers of Jane Does #1 through 10 in any response to the *Spokesman-Review*'s requests or in a response to future requests. The court categorized the records as exempt personal information under RCW 42.56.230(3) and declared that no legitimate public interest in the names and identities of the Does existed.

The *Spokesman-Review* appealed the superior court's ruling. On June 18, 2019, this court reversed the superior court and directed that the names and identifying information of the Jane Does be released. We ruled that the Jane Does failed to carry their burden in showing that Spokane Falls Community College maintained the subject records in any personnel file or that the records were similar in nature to records maintained for the benefit of an employee. Therefore, RCW 42.56.230(3) did not shield the redacted information from disclosure.

The Jane Does thereafter asked this court to reconsider its June 2019 decision. For the first time, the Jane Does mentioned House Bill 2020, a 2019 amendment to RCW 42.56.250, with an effective date of July 28, 2019. LAWS OF 2019, ch. 349. The Jane Does contended that this court should retroactively apply the amendment. On February 13, 2020, we granted reconsideration and withdrew our June 18, 2019, decision.

LAW AND ANALYSIS

Washington's Public Records Act requires state agencies to produce all public records on request unless a record falls within an exemption. *Progressive Animal Welfare Society v. University of Washington*, 125 Wn.2d 243, 250, 884 P.2d 592 (1994). The act mandates broad disclosure of public records in order to hold public officials and institutions accountable to the people. *Resident Action Council v. Seattle Housing Authority*, 177 Wn.2d 417, 431, 327 P.3d 600 (2013); *Progressive Animal Welfare Society v. University of Washington*, 125 Wn.2d at 251 (1994). The people do not give public servants the right to decide what is good and what is not good for the people to know. RCW 42.56.030. Free and open examination of public records serves the public interest, even though such examination causes inconvenience or embarrassment to public officials or others. RCW 42.56.550(3). The public has a right to know who their public employees are and when those employees are not performing their duties. *Predisik v. Spokane School District No. 81*, 182 Wn.2d 896, 908, 346 P.3d 737 (2015).

Because of the broad mandate behind the Public Records Act, the act's disclosure provisions must be construed liberally and exemptions construed narrowly. *West v. Port of Olympia*, 183 Wn. App. 306, 311, 333 P.3d 488 (2014). Disclosure is limited only by the precise, specific, and limited exemptions that the act provides. *Lyft, Inc. v. City of Seattle*, 190 Wn.2d 769, 778, 418 P.3d 102 (2018). The party seeking to avoid disclosure bears the burden of proving an exemption applies. *Ameriquest Mortgage Co. v. Office of Attorney General*, 177 Wn.2d 467, 486-87, 300 P.3d 799 (2013).

The Jane Does initially relied on RCW 42.56.230(3) for redaction. The statute declares, in relevant part:

> The following personal information is exempt from public inspection and copying under this chapter:
> . . . .
> (3) Personal information in files maintained for employees . . . of any public agency to the extent that disclosure would violate their right to privacy.

We declined application of this statutory exemption because the Jane Does failed to show the information they sought redacted consisted of personal information in files maintained for employees. We affirm this ruling.

In their July 8, 2019, motion for reconsideration, the Jane Does relied on House Bill 2020. On May 9, 2019, the Governor signed the house bill into law. LAWS OF 2019, ch 349. The law became effective July 28, 2019. LAWS OF 2019, ch 349. The legislature amended RCW 42.56.250, in relevant part, to read:

> The following employment and licensing information is exempt from public inspection and copying under this chapter:
>
> . . . .
>
> (6) Investigative records compiled by an employing agency in connection with an investigation of a possible unfair practice under chapter 49.60 RCW or of a possible violation of other federal, state, or local laws or an employing agency's internal policies prohibiting discrimination or harassment in employment. Records are exempt in their entirety while the investigation is active and ongoing. *After the agency has notified the complaining employee of the outcome of the investigation, the records may be* disclosed *only if the names of complainants, other accusers, and witnesses are redacted,* unless a complainant, other accuser, or witness has consented to *the disclosure* of his or her name. The employing agency must inform a complainant, other accuser, or witness that his or her name will be redacted from the investigation records unless he or she consents to disclosure.

(Emphasis added). In enacting House Bill 2020, the Washington Legislature found:

> workplace harassment remains a persistent problem and there is an urgent need to address barriers that prevent people from reporting harassment. The United States equal employment opportunity commission select task force on the study of harassment in the workplace released a report in 2016 finding that ninety percent of individuals who experience harassment never take formal action, and noting that seventy-five percent of employees who spoke out against workplace mistreatment faced some sort of retaliation. The legislature finds that it is in the public interest for state employees to feel safe to report incidents of harassment when it occurs and to protect these employees from an increased risk of retaliation. The legislature finds that the *release* of the identities of employees who report or participate in harassment investigations increases the risk of retaliation, invades the privacy of a vulnerable population, and significantly reduces reporting of harassment. The legislature finds that if state government can make it easier for victims and witnesses of harassment to come forward and report harassment, harassment issues can be dealt with before they worsen or spread.

LAWS OF 2019, ch. 349, § 1 (emphasis added).

9

The pre-amendment RCW 42.56.250 did not help the Jane Does since the statutory subsection then applied only to investigative records of "active and ongoing" investigations. Former RCW 42.56.250(5) (2017). The Jane Does could not have properly raised the 2019 amendment at any stage of the superior court proceedings and also could not have raised it in their original briefing on appeal because of the recent nature of the amendment.

In their motion for reconsideration, the Jane Does argue that, although the amending language was not yet in effect, this court should apply the amendment retroactively to exempt their names from public release. Conversely, Cowles Publishing asks the court to decline application of the amendment because the Jane Does did not mention the statute until the motion for reconsideration. Cowles Publishing also contends it holds a vested right against application of the amendment retroactively. Finally, Cowles Publishing also argues that, even if this court decides to legally apply House Bill 2020, the Jane Does lack evidence that the exemption provided by RCW 42.56.250(6) factually applies.

We deem *Service Employees International Union Local 925 v. Department of Early Learning*, 194 Wn.2d 546, 450 P.3d 1181 (2019) controlling, in which decision the state Supreme Court faced a similar issue. In that case, Evergreen Freedom Foundation sent a records request to the Department of Early Learning for the names and addresses of individuals who provided subsidized childcare under Washington's Working

Connections Child Care program. After the foundation submitted its request, but before the department released the records, Washington voters approved Initiative 1501, which included provisions that would potentially prohibit disclosure of at least some of the records sought by the foundation. Although the initiative would not become law for another three weeks, the childcare workers union filed a complaint seeking declaratory and injunctive relief prohibiting release of the records.

The Washington Supreme Court, in *Service Employees International Union Local 925 v. Department of Early Learning*, rejected the foundation's argument that the law governing a pending public records request is always the law in existence at the time the request was made. The Supreme Court also rejected this intermediate court's ruling that a public records request creates a vested right safeguarded from retroactive infringement. Instead, the legislative branch has the right to frustrate a pending Public Records Act request. The court did not provide a general rule, but rather directed courts to proceed on a case-by-case basis to determine the intent underlying any Public Records Act amendment.

In deciding whether to apply Initiative 1501, the Supreme Court, in *Service Employees International Union Local 925 v. Department of Early Learning*, identified the subject matter regulated by the statute in question and studied the statute's plain language with the goal of effectuating the voters' intent. The court ascertained three instances in which the initiative referred explicitly to the *release* of records, rather than

11

the *request* for records. As a result, the court concluded that Initiative 1501 should apply

*prospectively* to the *release* of the records, since the release had not yet occurred, rather

than *retroactively* to the *request* for records.

In deciding whether we should apply newly-amended RCW 42.56.250, this court

must effectuate the legislature's intent. The legislature designed the amendment to help

employees "feel safe to report incidents of harassment when it occurs[.]" LAWS OF 2019,

ch. 349, § 1. The legislature also wanted to reduce the risk of retaliation against reporting

employees. LAWS OF 2019, ch. 349, § 1. The legislature declared:

> [t]he *release* of the identities of employees who report or participate
> in harassment investigations increases the risk of retaliation, invades the
> privacy of a vulnerable population, and significantly reduces the reporting
> of harassment.

LAWS OF 2019, ch. 349, § 1 (emphasis added). We note that the legislature's findings in

amending the statute refer to the timing of the release of the records, not the timing of

the request for the records. RCW 42.56.250(6) itself references the "disclosure" of the

records rather than the "request" for the records. Disclosure occurs at the time of release.

We fulfill both legislative objectives by applying the 2019 statutory amendment to the

*Spokesman-Review*'s request to Spokane Falls Community College.

Cowles Publishing argues that this court should not consider RCW 42.56.250(6)

since the Jane Does never asserted the statute before the superior court and before this

reviewing court until their motion for reconsideration. Cowles asserts correctly that the

party attempting to avoid a Public Records Act disclosure bears the burden of proving an exemption applies.

An argument that has not been raised in the trial court will generally not be considered on appeal. RAP 2.5(a); *Brundridge v. Fluor Federal Services, Inc.*, 164 Wn.2d 432, 441, 191 P.3d 879 (2008); *Wilson & Son Ranch, LLC v. Hintz*, 162 Wn. App. 297, 303, 253 P.3d 470 (2011). This rule affords the trial court with an opportunity to correct errors, thereby avoiding unnecessary appeals and retrials. *Smith v. Shannon*, 100 Wn.2d 26, 37, 666 P.2d 351 (1983); *Wilson & Son Ranch, LLC v. Hintz*, 162 Wn. App. at 303. Of course, this rationale would not directly apply when the trial court issued the correct ruling, but on different grounds than accepted by the appellate court.

Nevertheless, courts generally recognize an exception to the general rule of not considering arguments for the first time on appeal when a new issue arises while the appeal is pending because of a change in the law. *Brundridge v. Fluor Federal Services, Inc.*, 164 Wn.2d at 441. This exception fulfills the principle that the "'law of the case'" doctrine does not apply in the presence of an intervening change in controlling precedent between trial and appeal. *Brundridge v. Fluor Federal Services, Inc.*, 164 Wn.2d at 441; *Roberson v. Perez*, 156 Wn.2d 33, 42, 123 P.3d 844 (2005). While the change in RCW 42.56.250 did not occur between the superior court decision and appeal, the new law became effective shortly after the Jane Does filed their motion for reconsideration and before any mandate from this court that returned the case to the superior court.

An appellate court will generally not consider arguments asserted for the first time in a reply brief. RAP 10.3(c); *see, e.g.*, *Dykstra v. Skagit County*, 97 Wn. App. 670, 676, 985 P.2d 424 (1999). Raising a new issue in a reply brief gives no opportunity for the opposing party to respond. *Dykstra v. Skagit County*, 97 Wn. App. at 676. Nevertheless, House Bill 2020 had yet to be enacted when the Jane Does filed their briefing. We have since granted Cowles Publishing an opportunity to respond to the new assertion by the Jane Does. This court may exercise discretion to review an issue not argued in original briefing. *Harris v. Department of Labor & Industries*, 120 Wn.2d 461, 468, 843 P.2d 1056 (1993); *In re Marriage of Wendy M.*, 92 Wn. App. 430, 434, 962 P.2d 130 (1998).

We recognize that the Jane Does assert, in their motion for reconsideration, an amendment to a statute not relied on previously, rather than an amendment to the statute they pled in the superior court or initially before this court. Nevertheless, we see no reason to distinguish this appeal from cases wherein the court applies a change in the statute initially employed by a party. The same rationales apply to the assertion of a new statute, when the legislature adopts the statute after the commencement of proceedings.

We further recognize that Spokane Falls Community College has likely already released or disclosed the records requested by the *Spokesman-Review*. Thus, one might argue that the reasoning behind *Service Employees International Union Local 925 v. Department of Early Learning* does not extend to this appeal. Cowles Publishing does not assert this argument, and we would consider such a contention overly technical.

14

Although the community college has released the records, the names have not be disclosed.

Cowles Publishing asks this court to apply the analysis harnessed when assessing whether the court should apply a statute retroactively. We decline this request. *Service Employees International Union Local 925 v. Department of Early Learning*, 194 Wn.2d 546 (2019), teaches that this court does not apply a statute retroactively when the statute identifies the time of the release of the records rather than the time of the Public Records Act request and the government entity has yet to release the records.

Cowles Publishing also argues that, even if this court applies the 2019 amendment to RCW 42.56.250, the Jane Does lack evidence that suggests the statute applies to this case. The statutory language exempts "investigative records" from public disclosure. RCW 42.56.250(6). The *Spokesman-Review*'s Public Records Act request specially mentioned the investigation into the allegations against Darren Pitcher. Thus, we question the soundness of Cowles Publishing's contention. Nevertheless, since the superior court has yet to address this question, we remand for the superior court to initially decide the factual application of House Bill 2020 to the public records request.

In addition to seeking redaction of their names from the community college records, the Jane Does seek the obscuration of their respective titles, positions held, and, in some instances, the departments in which one or more works. They refer to the information collectively as "identifiers." We note that RCW 42.56.250(6) classifies for

protection only the "name" of each complainant, other accuser, and witness to the investigation. On remand, the superior court should also address what, if any, additional information should be redacted from disclosure.

CONCLUSION

We hold House Bill 2020 to apply to the Jane Does' request for protection from release of their names. We remand to the superior court for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____          _____
Lawrence-Berrey, C.J.                                      Pennell, J.

16