IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JANE DOE #1, a single woman, JANE DOES #2-9, | ) ) ) | No. 36030-0-III |
| Respondents, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| WASHINGTON STATE COMMUNITY COLLEGE DISTRICT 17, COMMUNITY COLLEGES OF SPOKANE; an agency of the STATE OF WASHINGTON, | ) ) ) ) ) ) | |
| Respondents, | ) ) | |
| COWLES COMPANY, a Washington Corporation, | ) ) ) | |
| Appellant, | ) ) | |
| SPOKANE TELEVISION, INC., a Washington Corporation; and INLAND PUBLICATIONS, INC., a Washington Corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

FEARING, J. — Based on the Public Records Act's broad mandate of liberal

disclosure of government agency records, we reverse the superior court's decision

ordering the redaction of names and other identifying information of victims and witnesses found in investigative records held by the Spokane Falls Community College following the resignation of the college's acting president surrounding allegations of sexual misconduct. We hold that RCW 42.56.230(3), a subsection of the Public Records Act, does not shield the identifiers from release since no evidence shows that the type of records were such that the community college would hold the records in files maintained for the benefit of employees.

FACTS

Appellant Cowles Publishing Company publishes the *Spokesman-Review*. Respondent Washington State Community College District 17, a community college district organized under RCW 28B.50.040, operates two colleges: Spokane Community College and Spokane Falls Community College. WAC 132Q-276-040. Respondents Jane Does #1 through 10 are the targets of the subject Public Records Act request sent by the *Spokesman-Review* to Spokane Falls Community College. The *Spokesman-Review* submitted its request as a result of alleged sexual misconduct of Spokane Falls Community College acting president Darren Pitcher, who served in this position in 2017 and 2018.

Jane Doe #1 filed an anonymous complaint about Darren Pitcher with Spokane Falls Community College's human resources office in 2016, so we assume Pitcher served in another position with the community college at an earlier date. When the office

2

withheld action in response, Jane Doe #1 broadened her audience and filed an anonymous complaint with community college officials, her faculty union, and the State Board of Community and Technical Colleges. The American Association of Higher Education president then explained to Doe #1 that the district maintained a policy not to investigate anonymous complaints and that she would need to file a formal complaint if she wanted the allegations investigated. We do not know why the American Association of Higher Education gave advice about the community college's policies.

On January 16, 2018, Jane Doe #1 filed a second complaint of sexual harassment and retaliation against Darren Pitcher with Spokane Falls Community College's human resources office. Doe #1 identified herself in this second complaint. The complaint detailed Pitcher's purported inappropriate behavior and the effect of the behavior on Doe #1. The human resources office interviewed Jane Doe #1. Doe #1 recounted Pitcher exposing his genitals to her, grooming her for a quid pro quo sexual encounter, and engaging in sexual intercourse with her. Doe #1 further informed the human resources office that Pitcher engaged in or attempted to engage in sexual relationships with other subordinates, who either gained promotion or were fired or demoted when rebuffing sexual advances.

Spokane Falls Community College investigated Jane Doe #1's allegations, and the investigation included interviews of Jane Does #2-9. Jane Doe #9 reported that Darren Pitcher sent instant messenger messages to her of a sexual nature. The messages

3

described and commented on Doe #9's genital and breasts. Jane Does #2-8 and 10 did not assert that Pitcher subjected them to harassment or misconduct, but the eight women disclosed knowledge of misbehavior toward others.

On February 26, 2018, Darren Pitcher resigned as acting president. The *Spokesman-Review* then made the following public record request to Spokane Falls Community College:

> Please provide all records and correspondence related to claims of misconduct, including claims of sexual harassment, involving Darren Pitcher, from before and during his time as acting president of Spokane Falls Community College.
> Please also provide all records and correspondence related to Community Colleges of Spokane's investigation into such allegations. Correspondence should include emails to and from Chancellor Christine Johnson regarding this matter.
> Please also provide copies of all text messages that Pitcher exchanged with Kari Collen. These text messages are subject to public disclosure if Pitcher used a CCS-owned cell phone or received a stipend for work-related cell phone use.
> Lastly, please provide a copy of Pitcher's resignation letter.

Clerk's Papers at 73.

The *Spokesman-Review*'s request covered documents that contained the names and other identifiers of Jane Does #1-9. The Spokane Falls Community College human resources office contacted the Does and warned that the records would be disclosed on March 20, 2018. Jane Does #1-9 respectively replied that, had each known her name would be disclosed, she would not have spoken to investigators.

4

No. 36030-0-III
*Jane Doe #1 v. Wash. State Comm. College*


PROCEDURE

On March 16, 2018, before Spokane Falls Community College released any documents, Jane Does #1-9 filed a complaint, motion for temporary restraining order, and motion for permanent injunction. The Does did not challenge the underlying disclosure of the documents, but rather sought to enjoin the release of their names and identifiers contained within the documents. In other words, the Jane Does asked that the court direct the community college to excise their names and other identifying data from the records.

On March 20, 2018, the trial court granted a temporary restraining order preventing Spokane Falls Community College from disclosing the names and identifiers of the Does. The court ordered that the documents be delivered to it for an in camera review. On March 21, 2018, the Does filed an amended complaint for injunction that added Jane Doe #10 as a plaintiff.

Spokane Falls Community College released three batches of documents: (1) working documents, (2) investigation reports and exhibits, and (3) e-mail. The "working documents" include over six hundred pages of interview notes, complaints, investigation guidelines, interview timelines, and instant messenger messages.

The investigation file and exhibits contain more than three hundred pages of documents and include an investigation report, e-mails, written statements, instant messenger transcripts, administrative procedures, college policies, and other information. None of the records in this category of documents suggest they arose from any personnel

5

file. The produced records included four hundred pages of e-mail correspondence between and among employees of the community college. The community college maintains the e-mail in e-mail programs and e-mail servers, not in any employment file.

On March 30, 2018, the trial court granted a permanent injunction that enjoins Spokane Falls Community College from disclosing the names and identifiers of Jane Does #1-10 in any response to the *Spokesman-Review*'s requests or in a response to future requests. The court categorized the records as exempt personal information under RCW 42.56.230(3) and declared that no legitimate public interest in the names and identities of the Does existed.

LAW AND ANALYSIS

Washington's Public Records Act requires state agencies to produce all public records on request unless a record falls within an exemption. *Progressive Animal Welfare Society v. University of Washington*, 125 Wn.2d 243, 250, 884 P.2d 592 (1994). The act mandates broad disclosure of public records in order to hold public officials and institutions accountable to the people. *Resident Action Council v. Seattle Housing Authority*, 177 Wn.2d 417, 431, 327 P.3d 600 (2013); *Progressive Animal Welfare Society v. University of Washington*, 125 Wn.2d at 251 (1994). The people do not give public servants the right to decide what is good and what is not good for the people to know. RCW 42.56.030. Free and open examination of public records serves the public interest, even though such examination causes inconvenience or embarrassment to public

officials or others. RCW 42.56.550(3). The public has a right to know who their public employees are and when those employees are not performing their duties. *Predisik v. Spokane School District No. 81*, 182 Wn.2d 896, 908, 346 P.3d 737 (2015).

Because of the broad mandate behind the Public Records Act, the act's disclosure provisions must be construed liberally and exemptions construed narrowly. *West v. Port of Olympia*, 183 Wn. App. 306, 311, 333 P.3d 488 (2014). Disclosure is limited only by the precise, specific, and limited exemptions that the act provides. *Lyft, Inc. v. City of Seattle*, 190 Wn.2d 769, 778, 418 P.3d 102 (2018). The party seeking to avoid disclosure bears the burden of proving an exemption applies. *Ameriquest Mortgage Co. v. Office of Attorney General*, 177 Wn.2d 467, 486-87, 300 P.3d 799 (2013). This allocation of the burden of proof looms important in this appeal.

In addition to seeking redaction of their names from the community college records, the Jane Does seek the obscuration of their respective titles, positions held, and, in some instances, the departments in which one or more works. They refer to the information collectively as "identifiers." Jane Does Nos. 1-10 rely on RCW 42.56.230(3) for redaction. The statute declares, in relevant part:

> The following personal information is exempt from public inspection and copying under this chapter:
> . . . .
> (3) Personal information in files maintained for employees . . . of any public agency to the extent that disclosure would violate their right to privacy.

7

We refer to the exemption as the "personal information exception."

We parse RCW 42.56.230(3) to extract three discrete elements: (1) the records contain personal information, (2) the information lies in a file maintained for employees, and (3) disclosure of the personal information would violate one's right to privacy. The *Spokesman-Review* contends that the redacted information does not fulfill any of the three elements. We conclude that the information sought to be protected does not constitute information found in a file maintained for employees. Therefore, we do not address whether the information constitutes "personal information" or whether disclosure would violate the Jane Does' right to privacy.

The Public Records Act does not define "personal information." In *Cowles Publishing Co. v. State Patrol*, 44 Wn. App. 882, 890-91, 724 P.2d 379 (1986), *rev'd on other grounds*, 109 Wn.2d 712, 748 P.2d 597 (1988) (quoting *Turner v. Reed*, 22 Ore. App. 177, 538 P.2d 373 (1975)), this court borrowed an Oregon court's definition for "personal information" as "'normally not [to] be shared with strangers.'" Our state high court later more broadly defined the term as "'information relating to or affecting a particular individual, information associated with private concerns, or information that is not public or general.'" *Bainbridge Island Police Guild v. City of Puyallup*, 172 Wn.2d 398, 412, 259 P.3d 190 (2011) (quoting *Bellevue John Does 1-11 v. Bellevue School District #405*, 164 Wn.2d 199, 211, 189 P.3d 139 (2008)). The *Bellevue John Does* definition overlaps in part our court's definition in *Cowles Publishing*, but significantly

broadens the definition by including identifying information regardless of whether a

reasonable person would seek to keep the data private. We avoid a determination of

whether the *Spokesman Review*'s request seeks personal information.

Regardless of whether the opponent of disclosure seeks to shield personal

information, the information must be contained within files that are maintained for

employees. RCW 42.56.230(3). In *Cowles Publishing Co. v. State Patrol*, 44 Wn. App.

882 (1986), the *Spokesman-Review* sought release of Spokane Police Department internal

affairs investigation reports. The police department expressed willingness to release the

records but only after redacting the names of officers. The department asserted that any

file relating to a particular officer is "maintained" for that officer within the meaning of

RCW 42.56.230(3). We deemed the contention overbroad and ordered release of the

officers' names. "That provision was intended to shield only that *highly personal*

*information* often contained in employment and other personnel files." *Cowles*

*Publishing Co. v. State Patrol*, 44 Wn. App. at 891 (emphasis added). We listed

examples of such information as an employee's union dues, charitable contributions,

deferred compensation, medical records, disabilities, employment performance

evaluations, reasons for leaving employment, and sensitive records relating to health or

family information necessary for calculating health plans, job benefits, and taxes.

The Supreme Court reversed this court in *Cowles Publishing Co. v. State Patrol*,

109 Wn.2d 712 (1988), but on a different ground. The high court agreed that the

9

personal information exemption did not shield disclosure of the names, but that former RCW 42.17.310(1)(b) recodified now as RCW 42.56.210, which covers investigation records of law enforcement agencies, safeguarded release of the names. We thus consider our discussion of information found in files maintained for employees to remain good law.

*Tacoma Public Library v. Woessner*, 90 Wn. App. 205, 951 P.2d 357, 972 P.2d 932 (1998) (as modified on remand) also addressed the statutory phrase "files maintained for employees." Carolyn Woessner sought disclosure, from the library, of information on employees' rates of pay, amounts of vacation and leaves hours, benefits, and employer contributions to employee pensions. Woessner argued that the library did not maintain the files for employees because the city of Tacoma prepared the reports and the library did not include the reports in an employee's personnel file. This court deemed Woessner's reading of the exemption too narrow. This court reasoned that the statute does not specify that the exempted information actually come from an employee's individual personnel file. The court directed the focus to be on whether the requested file contains personal information normally maintained for the benefit of employees rather than the location where the agency stores the information.

The Jane Does principally rely on *Bainbridge Island Police Guild v. City of Puyallup*, 172 Wn.2d 398 (2011). A police officer and his union brought action seeking to enjoin disclosure of a criminal investigation report and internal investigation report

from a police department in regards to allegations of sexual assault against a police officer. The Supreme Court ruled that the department must produce the report, but could excise the officer's name. The court held that the name of the officer constituted personal information since the allegations of misconduct were never substantiated. The high court never addressed whether the records were the type of records found in a file maintained for the benefit of an employee.

We question the validity of *Bainbridge Island Police Guild v. City of Puyallup* after the Supreme Court's recent decision in *Predisik v. Spokane School District No. 81*, 182 Wn.2d 896 (2015). Nevertheless, we find *Bainbridge Island* to be inapplicable because the allegations of sexual misconduct were never substantiated. According to the Jane Does, Spokane Falls Community College substantiated the complaints against Darren Pitcher. We also emphasize that the *Bainbridge Island* court never addressed RCW 42.56.230(3)'s discrete element of the information arising from a file maintained for employees.

The Jane Does carry the burden of establishing an exemption shields the identifying information sought to be redacted. Despite arguing to the contrary, the Jane Does present no evidence that Spokane Falls Community College kept the subject records in any personnel file. The Jane Does present no facts that the records were similar in nature to records maintained for the benefit of an employee.

During oral argument, counsel for the Jane Does characterized his clients as

courageous women who spoke against abuse from a powerful man. We agree. We applaud the Jane Does as important whistleblowers. Their courage expands in light of the state's policy of demanding disclosure of the women's names in response to a Public Records Act request.

## CONCLUSION

We reverse the superior court's order permitting redaction of personal identifiers. We remand for the superior court to order release, without excision, of the requested records.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.