IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ANDREA WILKERSON, | ) | No. 36054-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON, by and | ) | |
| through its agency subdivision, | ) | UNPUBLISHED OPINION |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| EUGENE MEDUTIS, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, A.C.J. — The Department of Corrections (DOC) appeals an order enjoining disclosure of records pertaining to a workplace investigation of employee Andrea Wilkerson. The order was based on the superior court's determination that the investigation materials did not meet the definition of public records under the Public Records Act (PRA), chapter 42.56 RCW. We disagree and therefore reverse. This matter is remanded for in camera review of each individual record to determine whether an exemption to disclosure applies. If an exemption does apply, redaction to the greatest extent possible shall be favored over withholding. Furthermore, any order enjoining disclosure of records shall apply only to the parties to this litigation.

FACTS

The circumstances leading to this appeal began when DOC employee Eugene Medutis made a PRA request for documents regarding a disciplinary investigation of DOC employee Andrea Wilkerson. The DOC received Mr. Medutis's request and assigned it a "public records tracking number PRU-50301." Clerk's Papers at 33. The request was construed as seeking disciplinary hearing and investigative materials related to an allegation that Ms. Wilkerson had provided personal information to an offender.

The DOC's initial search uncovered 237 pages of responsive records, including "a work safety plan, interview summaries of a number of staff and offenders related to a just cause investigation, a memo of concern, and incident reports related to a just cause investigation where no formal disciplinary action was taken." *Id*. at 29-30. Except for a small amount of redactions and three pages deemed exempt as performance evaluations without any specific misconduct noted, the DOC determined the remainder of the pages were releasable records under the PRA. The DOC also noted the records were the first installment of records in response to Mr. Medutis's records request, and did not include the entirety of potentially responsive records. In accordance with RCW 42.56.540, the DOC notified Ms. Wilkerson of Mr. Medutis's records request.

Ms. Wilkerson filed a petition for injunctive and declaratory relief in Walla Walla County Superior Court, requesting the DOC be prohibited from releasing her records based on exceptions or exemptions to the PRA. She also filed a motion to enjoin the DOC from releasing the records as such a release would cause irreparable injury. In her petition, Ms. Wilkerson alleged Mr. Medutis requested the release of the records solely to harass her, the release of such records had no public merit, and releasing the information placed her at risk.

The superior court entered a temporary ex parte restraining order enjoining the DOC from releasing records responsive to Mr. Medutis's PRA request. After a contested hearing and in camera review, the court issued a permanent injunction. The injunction "permanently restrained and enjoined [the DOC] from releasing the records identified as PRU #50301, pages 1-237, herein, and any additional pages thereafter located." *Id.* at 65. The superior court also concluded that "[b]ased on the Court's review, these records are not public records as defined by Chapter 42.56 RCW and its interpretive caselaw." *Id.*

The DOC appealed the superior court's permanent injunction order.

ANALYSIS

The PRA mandates broad disclosure of public records upon request. *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 431, 327 P.3d 600 (2013). A

3

threshold issue under the PRA is whether a requested document qualifies as a public record. A public record is "any [1] writing [2] containing information relating to the conduct of government or the performance of any governmental or proprietary function [3] prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." RCW 42.56.010(3). This definition must be "liberally construed" in favor of application. RCW 42.56.030. It casts a wide net and "subjects 'virtually any record related to the conduct of government' to public disclosure." *Nissen v. Pierce County*, 183 Wn.2d 863, 874, 357 P.3d 45 (2015) (quoting *O'Neill v. City of Shoreline*, 170 Wn.2d 138, 147, 240 P.3d 1149 (2010)). Whether a particular document meets the definition of a public record is a matter we review de novo. RCW 42.56.550(3); *Nissen*, 183 Wn.2d at 872.

The materials gathered in response to Mr. Medutis's PRA request readily meet the broad public records definition. The 237 pages of documents are undeniably writings as defined by the PRA. RCW 42.56.010(4). In addition, because the documents concern an investigation into Ms. Wilkerson's activities as a public employee, they contain information relating to governmental conduct. *See Predisik v. Spokane Sch. Dist. No. 81*, 182 Wn.2d 896, 905, 346 P.3d 737 (2015) ("A public employer's investigation is an act of the government."). Finally, the records were prepared, owned, used, and retained by

4

the DOC, which is a government agency. Thus, the responsive records meet all three criteria of a public record. The superior court's decision to the contrary was erroneous and must be reversed.

While the responsive documents in this case meet the public records definition, that does not necessarily mean they must be disclosed. The PRA exempts certain classes of materials from disclosure. However, unlike the public records definition, the PRA's exemptions must be narrowly construed. RCW 42.56.030. A party seeking to prohibit disclosure of public records under an exemption has the burden of establishing its application. *Spokane Police Guild v. Liquor Control Bd.*, 112 Wn.2d 30, 35, 769 P.2d 283 (1989).

Assessing whether an exemption applies under the PRA requires a document-by-document examination. *Predisik*, 182 Wn.2d at 906. Because the documents at issue here are not part of the record on review, we cannot assess whether an exemption or exemptions may apply. Instead, remand is appropriate so the superior court can make an exemption determination after reviewing the individual records in camera.

If, on remand, a statutory exemption is deemed applicable, the superior court must further assess whether the exemption can be adequately addressed through redaction as opposed to wholesale withholding of records. For example, employment investigation

records sometimes implicate the right to privacy under RCW 42.56.230(3). *See Bellevue John Does 1-11 v. Bellevue Sch. Dist. No. 405*, 164 Wn.2d 199, 221, 189 P.3d 139 (2008) (The right to privacy requires redaction of public employee's names from investigation records involving unsubstantiated allegations of sexual misconduct.). *But see Morgan v. City of Federal Way*, 166 Wn.2d 747, 756, 213 P.3d 596 (2009) (The right to privacy does not require redaction when allegations of misconduct merely pertain to "'inappropriate behavior'" that is "nowhere near as offensive as allegations of sexual misconduct with a minor.").

But even when privacy is an issue, it is unlikely the PRA will permit withholding of records in their entirety. *Predisik*, 182 Wn.2d at 905 ("[T]he PRA does not recognize a right of privacy in the mere fact that a public employer is investigating an employee."); *Bainbridge Island Police Guild v. City of Puyallup*, 172 Wn.2d 398, 415-18, 259 P.3d 190 (2011). Instead, the PRA contemplates protecting the right to privacy through redaction of personal information, such as names and identifying information, prior to disclosure of public records. RCW 42.56.210(1).[1]

---

[1] This limited right of redaction applies even when the identity of the person asserting a privacy protection is known or readily discernable. *See Bainbridge Island Police Guild*, 172 Wn.2d at 412.

CONCLUSION

Because the records at issue in this case qualify as public records, the superior court's permanent injunction order must be reversed. This matter is remanded for further proceedings, including an in camera assessment of whether the individual records are subject to a PRA exemption. If an exemption applies, it shall be narrowly construed to the greatest extent practicable in favor of redaction, as opposed to withholding. Any injunction issued on remand shall be document-specific and binding against only "the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them." CR 65(d).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____          _____
Korsmo, J.                        Maxa, J.[2]

_____
[2] The Honorable Bradley Maxa is a Court of Appeals, Division Two, judge sitting in Division Three under CAR 21(a).

7